FILED
Feb 4, 2008
FEB - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION,    2008 FEB -1 PM 5: 02

| | |
|---|---|
| DR. RABBI K. A. ISRAEL, CONSULAR ATTORNEY, ALSO KNOWN AS DR. RABBI K. GARTH RICHARDSON, THE BROTHER OF, AND GUARDIAN FOR, MS. BEATRICE DEMETRICE GARTH, A DISABLED PERSON, P.O. BOX 803241, CHICAGO, ILLINOIS, 60680-3241 TELEPHONE: (773)-469-8132 | NOTICE OF THE REMOVAL OF A CIVIL ACTION FROM THE DEFENDANT CIRCUIT COURT TO THE INSTANT DISTRICT COURT UNDER, AND PURSUANT TO; 28 U.S.C. ss 1443(1) & (2): CIVIL RIGHTS CASES, ET AL.. 28 U.S.C. ss 1446; PROCEDURE FOR REMOVAL:(a-e). |
| VERSUS                    PLAINTIFFS, | |
| CIRCUIT COURT OF COOK COUNTY, ILLINOIS, | CIRCUIT COURT JUDGE: HON. JUDGE LYNNE KAWAMOTO. CIRCUIT COURT NO.: 07-P6180. |
| DOROTHY BROWN, CLERK OF THE COURT, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, ROOM 1001, 50 WEST WASHINGTON, CHICAGO, ILLINOIS, 60602 | DAMAGES LAIMED: $$100,000,000.00; ONE-HUNDRED-MILLION-DOLLARS; U.S. CURRENCY. |
| MIKE DELANEY, ATTORNEY AT LAW, DELANEY LAW OFFICES, 14524 JOHN HUMPHREY DRIVE, ORLAND PARK, ILLINOIS, 60462 | HON. JUDGE C. R. NORGLE, SR., DISTRICT COURT JUDGE: |
| LISA MADIGAN, ATTORNEY GENERAL FOR THE STATE OF ILLINOIS, 11TH. FLOOR, 100 WEST RANDOLPH STREET, CHICAGO, ILLINOIS, 60601 | DIST. COURT MAG. JUDGE: HON. MAG. JUDGE A. KEYS. CASE NO. 07-CV07084 DISTRICT COURT NUMBER: |
| ETHEL MAE SPENCER, 9503 WEST MAIN STREET, APT. (A), BELLEVILLE, ILLINOIS, 62223 | D.C. VENUE: 28 U.S.C. ss 1391 (a1--f10. DISTRICT COURT JURISDICTION: ARTICLE (III): ss (1) & (2), |
| ELVIE NELSON GARTH, 1736 6TH. STREET, MADISON, ILLINOIS, 62060 | ARTICLE (IV): ss (1) AND PARAGRAPH (1) OF ss (2) OF THE U.S. CONSTITUTION, 28 U.S.C. ss 1331; FEDERAL |
| ERNESTINE ALLEN, 2015 KNOTTINGHAM DRIVE, AUGUSTA, GEORGIA, 30906 | QUESTIONS, 28 U.S.C. ss 1343; (a)(1)-(a)(4): CIVIL RIGHTS AND ELECTIVE FRANCHISE, |

2.

COMES NOW THE PLAINTIFF, DR. RABBI K. A. ISRAEL, THE BROTHER OF, AND THE SURROGATE DECISION MAKER FOR MS. BEATRICE D. GARTH, A DISABLED PERSON WHOSE LIFE CONTINUES TO BE PLACED IN DANGER BY THE ACTIONS OF THE DEFENDANTS, AFTER SHE, MS. GARTH, WAS A VICTIM OF ASSAULT, AND A VICTIM OF RAPE AT, AND A VICTIM OF KIDNAPPING FROM, THE BURNHAM HEALTH-PROPERTIES FACILITY, 14500 MANISTEE, BURNHAM, ILLINOIS, 60633, ON AUGUST 11, 2007.

PLAINTIFF PRAYS FOR LEAVE OF THE COURT TO FILE, AND FOR THE COURT TO GRANT THE INSTANT MOTION, APPLICATION, AND PETITION FOR ADMISSION TO THE FEDERAL TRIAL BAR, AND TO PRACTICE LAW IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION UNDER, AND PURSUANT TO, ARTICLE($) (III) SECTION 2, ART. (IV) SECTION(S) (1) AND PARAGRAPH (1) OF SECTION (2), ARTICLE (VI) PARA. (2) AND (3), AMENDMENT(S), (I), (IV), (V), (VI), (VII), (VIII), (IX), (X), (XIII), (XIV) SECTION (1) AND ss (5), AND (XV) SECTIONS (1) AND (2), OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND, PART (A) ADMISSION TO THE BAR; RULE (701)(a): GENERAL QUALIFICATIONS, RULE (703) EDUCATIONAL REQUIREMENTS, RULE (705); ADMISSION ON MOTION, AND RULE (711): REPRESENTATION BY SUPERVISED SENIOR LAW STUDENTS OR GRADUATES, OF THE SUPREME COURT OF ILLINOIS RULES ON ADMISSION AND DISCIPLINE OF ATTORNEYS ARTICLE (VII).

IN FURTHERANCE OF SAID PRAYERS FOR LEAVE OF THE COURT, AND IN SUPPORT OF AND AS GROUNDS FOR SAID MOTION, THE PLAINTIFF CLAIMS, AND STATES, AND COMPLAINS, AS FOLLOWS:

(1.) THE DEFENDANTS CONTINUE TO COMMIT ACTIONS TO FORCE MS. BEATRICE DEMETRICE GARTH, THE PLAINTIFF'S SISTER, TO REMAIN IN THE POSSESSION OF SUBCONTRACTORS OF BURNMAM HEALTH-PROPERTIES FACILITY, AND TO PREVENT HER FROM OBTAINING PROPER MEDICAL TREATMENT BY DOCTORS.

(2.) THE PLAINTIFF, DR. RABBI K.A. ISRAEL, AND HIS SISTER AND WARD, MS. BEATRICE DEMETRICE GARTH, ARE ENTITLED TO THE PROTECTIONS OF THE FEDERAL GOVERNMENT OF THE UNITED STATES OF AMERICA UNDER, AND PURSUANT TO, EXECUTIVE ORDER (12250), THE REHABILITATION ACT OF (1974) AS AMENDED, THE AMERICANS WITH DISABILITIES ACT OF (1990), AS AMENDED, AND THE RULING OF THE SUPREME COURT OF THE UNITED STATES OF AMERICA IN THE CASE OF BARNES VS. GORMAN, 536 U.S. 181, 185, (2002), WHICH PROVIDES THAT "THESE RIGHTS EXTEND TO EMOTIONAL DISTRESS DAMAGES."

(3.) THE DEFENDANTS CONTINUE TO HAVE FINANCIAL REASONS, AND AND EVEN MORE INVIDIOUS INTERESTS, IN PREVENTING THE OBTAINING OF EVIDENCE, THE INVESTIGATION OF THE CRIME SCENES, THE ISSUANCE OF SUBPOENAS, THE TAKING OF DEPOSITIONS AND INTERROGATORIES, AND THE CIVIL LAWSUIT THAT HAS BEEN FILED AGAINST "BURNHAM HEALTH-PROPERTIES FACILITY," ON BEHALF OF MS. BEATRICE DEMETRICE GARTH, AND ON THE BEHALF OF THE PLAINTIFF.

(4.) MS. BEATRICE DEMETRICE GARTH IS IN URGENT NEED OF A TEAM OF PHYSICIANS AND NEUROLOGISTS WHOM ARE INDEPENDENT OF THE SUBCONTRACTORS, CO-CONTRACTORS, SUBSIDIARIES, "PARENT-COMPANIES," AND THE DEFENDANTS' FINANCIAL NETWORKS.

(5.) TWO OF THE DEFENDANTS WHO ASSAULTED AND RAPED MS. BEATRICE DEMETRICE GARTH AT THE "BURNHAM HEALTH-PROPERTIES FACILITY, ALSO KIDNAPPED MS. BEATRICE DEMETRICE GARTH, AND TOOK HER TO A SUBCONTRACTORS FACILITY, "SPECIALTY SELECT MEDICAL CENTER," 5454 SO. HOHMAN, HAMMOND, INDIANA, WHERE MS. GARTH WAS KEPT IN A COMATOSE CONDITION, AGAINST THE LAWS OF THE FEDERAL CONSTITUTION, FOR NEARLY SEVENTY (70) DAYS. THE IDENTITIES OF THESE TWO EMPLOYEES OF THE DEFENDANT "BURNHAM HEALTH-PROPERTIES FACILITY" IS BEING SOUGHT.

(6.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAS SOUGHT THE HELP AND THE MEDICAL EXPERTISE OF THE TEAMS OF PHYSICIANS WHO PRACTICE MEDICINE AT THE "NORTHWESTERN MEMORIAL HOSPITAL NEUROLOGY INTENSIVE CARE UNIT," AND THE "NORTHWESTERN MEMORIAL HOSPITAL EMERGENCY PATIENT TRANSFER SERVICES," IN AN EFFORT TO OBTAIN THE FIRST ACTUAL MEDICAL TREATMENT THAT MS. BEATRICE DEMETRICE GARTH WILL HAVE RECEIVED SINCE SHE WAS ASSAULTED, RAPED, KIDNAPPED, AND LEFT IN A COMATOSE CONDITION, ON AUGUST 11, 2007.

### ILLINOIS SUPREME COURT RULES ON ADMISSION TO THE BAR: RULE (703); EDUCATIONAL REQUIREMENTS:

THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAS BEEN ACTIVELY ENGAGED IN THE STUDY OF PARALEGAL SCIENCES, STUDY OF THE PRACTICE OF LAW, AND THE STUDY OF THE SCIENCES OF THE JUDICIARY, COUNSELLED WITH CLIENTS, NEGOTIATED IN THE SETTLEMENT OF CLAIMS, ENGAGED IN THE PREPARATION AND DRAFTING OF LEGAL INSTRUMENTS, APPEARANCES, PLEADINGS AND MOTIONS, AND APPEARED IN THE TRIAL COURTS AND THE ADMINISTRATIVE TRIBUNALS OF THE UNITED STATES DISTRICT COURTS, FOR MORE THAN TEN (10) YEARS IMMEDIATELY PRIOR TO MAKING THIS APPLICATION, PETITION, AND MOTION.

(7.) WHEREFORE, THE PLAINTIFF PRAYS FOR LEAVE OF THE COURT UNDER, AND PURSUANT TO, ARTICLE (IV): SECTION (I); FULL FAITH AND CREDIT, AND ART. (IV): SECTION (II); CLAUSE (I); PRIVILEGES AND IMMUNITIES OF CITIZENS, OF THE U.S. CONSTITUTION, TO ENFORCE THE PLAINTIFF'S RIGHT TO PRACTICE LAW AS PROFESSIONAL LEGAL COUNSEL, IN THE LIGHT OF, AND ON THE GROUNDS OF, THE RULINGS OF THE SUPREME COURT OF THE UNITED STATES OF AMERICA IN THE CASE OF CORFIELD VS. CORYELL (1823).

THE U.S. SUPREME COURT HELD THAT "PRIVILEGES AND IMMUNITIES IN RESPECT OF WHICH DISCRIMINATION IS BARRED INCLUDE 'PROTECTION BY THE GOVERNMENT; THE ENJOYMENT OF LIFE AND LIBERTY...THE RIGHT

5.

OF A CITIZEN OF ONE STATE TO PASS THROUGH, OR TO RESIDE IN ANY OTHER STATE, FOR PURPOSES OF TRADE, AGRICULTURE, PROFESSIONAL PURSUITS, OR OTHERWISE; TO CLAIM THE BENEFITS OF THE WRIT OF HABEAS CORPUS; TO INSTITUTE AND MAINTAIN ACTIONS OF ANY KIND IN THE COURTS OF THE STATE; TO TAKE, HOLD AND DISPOSE OF PROPERTY, EITHER REAL OR PERSONAL; AND AN EXEMPTION FROM HIGHER TAXES OR IMPOSITIONS THAN ARE PAID BY THE OTHER CITIZENS OF THE STATE.' "

ILLINOIS SUPREME COURT RULES ON ADMISSION
TO THE BAR: RULE (706); FILING DEADLINES
AND FEES OF REGISTRANTS AND APPLICANTS.

(8.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAD ORIGINALLY REGISTERED TO TAKE THE ILLINOIS BAR EXAMINATION ON THE SCHEDULED DATE OF FEBRUARY 28, 2008, BUT THE PLAINTIFF COULD NOT AFFORD TO PAY THE "LATE APPLICATION FEE OF ONE-THOUSAND DOLLARS ($$1,000.00)." THE PLAINTIFF INTENDS TO RE-REGISTER TO TAKE THE ILLINOIS BAR EXAMINATION SHEDULED TO BE GIVEN IN JULY, (2008), OR THE EXAM SCHEDULED FOR FEBRUARY, (2009), DEPENDING ON THE PLAINTIFF'S ABILITY TO PAY THE APPLICATION FEES.

ILLINOIS SUPREME COURT RULES ON ADMISSION
TO THE BAR: RULE (711); REPRESENTATION BY
SUPERVISED SENIOR LAW STUDENTS OR GRADUATES:

(9.) THE PLAINTIFF, DR. RABBI K. A. ISRAEL, HAS COMPLETED MORE THAN TWO-HUNDRED AND FIFTY (250) HOURS OF POST-SECONDARY TRAINING AT THE UNIVERSITY OF ILLINOIS AT CHICAGO IN THE FIELDS OF STUDY OF QUANTUM ELECTRO-DYNAMICS, QUANTUM MECHANICS, BIOLOGICAL SCIENCES AND BIOLOGICAL ENGINEERING, ADVANCED MATHEMATICS FOR TEACHERS, THE TRANSLATION OF THE FOREIGN LANGUAGES OF RUSSIAN, FRENCH, KOREAN, ARABIC, AND HEBREW, CHEMISTRY AND CHEMICAL ENGINEERING, ELECTRICAL AND COMPUTER

COMPUTER ENGINEERING, LINEAR SYSTEMS AND SIGNALS, DISCRETE AND CONTINUOUS SIGNALS AND SYSTEMS, STATE-SPACE-ANALYSIS, AND GEOMETRY, SINCE (1987).

IN CONCLUSION, THE PLAINTIFF, DR. RABBI K. A. ISRAEL, CITES THE DISSENTING OPINION OF THE HONORABLE ILLINOIS SUPREME COURT JUSTICE HEIPLE, FOUND ON PAGE NUMBER TEN (10), OF THE SUPREME COURT OF ILLINOIS RULES OF ADMISSION AND DISCIPLINE OF ATTORNEYS ARTICLE (VII).

"ILLINOIS SUPREME COURT JUSTICE HEIPLE, DISSENTING:

"BY THE AMENDMENT TO RULE (711) AND BY RULE (703), WHICH WAS PREVIOUSLY ADOPTED, THIS COURT RECOGNIZES ONLY LAW SCHOOLS WHICH HAVE BEEN APPROVED BY THE AMERICAN BAR ASSOCIATION. I BOTH DISSENT AND OBJECT TO THESE RULES BECAUSE THEY REPRESENT AN IMPROPER DELEGATION OF A GOVERNMENTAL AND JUDICIAL FUNCTION TO A TRADE ASSOCIATION OF LAWYERS."

RESPECTFULLY SUBMITTED BY:

DATE: JANUARY 31, 2008.

SIGNED: _DR. Rally_ _____

DR. RABBI K. A. ISRAEL, CONSULAR ATTORNEY,
ALSO KNOWN AS
DR. RABBI K. GARTH RICHARDSON,
CONSULAR ATTORNEY,
PARALEGALS FOR ECONONMIC FOUNDATIONS, INT.,
F.E.I.N. 87-0656393,
P.O. BOX 803241,
CHICAGO, ILLINOIS, 60680-3241
TELEPHONE NUMBER: (773)-469-8207.

7,